UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY R.,<br><br>                     Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                     Defendant. | Case No. C18-675-RSM-MLP<br><br>REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his testimony and the opinion of Susie Ro, M.D. (Dkt. # 10 at 1.) The Court notes that Plaintiff's briefs do not appear to comply with the font requirements of Local Civil Rule 10(e), and that Commissioner's brief also appears to have some formatting irregularities, specifically condensed spacing. Counsel is instructed to ensure compliance with these requirements in future filings or they will be stricken.

As discussed below, the Court recommends REVERSING the Commissioner's final decision and REMANDING this case for further administrative proceedings.

//

## II.    BACKGROUND

Plaintiff was born in 1969 and has completed the eighth grade and earned a GED. He has previously worked as a retail cashier. AR at 40, 89, 385. Plaintiff was last gainfully employed in June 2012. *Id*. at 394.

In September 2012 and December 2013, Plaintiff applied for benefits, alleging disability as of June 11, 2012. *Id*. at 333-34, 346-54. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 175-77, 180-86. The ALJ held a hearing in December 2013 (*id*. at 87-125), and subsequently found Plaintiff not disabled. *Id*. at 151-68. Plaintiff requested Appeals Council review, and the Appeals Council reversed the ALJ's decision and remanded the case for additional administrative proceedings. *Id*. at 171-74.

On remand the ALJ conducted hearings in September and November 2016 (*id*. at 38-86), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 13-28.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.
>
> Step two: Plaintiff's degenerative disc disease of the cervical spine, cervical dystonia with pain and headaches, and obesity are severe impairments.
>
> Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> Residual Functional Capacity: Plaintiff can perform light work with additional limitations: he is limited to carrying 10 pounds occasionally and frequently. He can stand and/or walk for a total of four hours in an eight-hour workday (with normal breaks). He can sit for a total of six hours in an eight-hour workday (with normal breaks). He can occasionally push and/or pull, including operation of hand and/or foot controls. He can occasionally climb ramps and stairs. He can occasionally kneel, crouch, and crawl. He cannot climb ladders, ropes, scaffolds. He can occasionally reach overhead bilaterally. He should be allowed to shift postural positions periodically during a two-hour period for a

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 2

couple of minutes (which can be accomplished by any task that the worker can perform either sitting or standing for a couple of minutes, such as answering a phone or getting work supplies, or if the job has a sit/stand option). Work tasks should not require the claimant to rapidly turn his head right or left.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

*Id*.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id*. at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Erred in Discounting Plaintiff's Testimony

The ALJ provided at least four main reasons to discount Plaintiff's testimony, namely: (1) inconsistencies between the medical evidence and Plaintiff's allegations, (2) inconsistencies between Plaintiff's activities and his alleged limitations, (3) Plaintiff made inconsistent statements, and (4) evidence of Plaintiff's possible drug-seeking behavior. AR at 20-23. Plaintiff contends that these reasons are not legally sufficient, and, as explained herein, the Court agrees.

#### *1.     Legal Standards*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.

*Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

    2.  *Possible Drug-Seeking Behavior*

  The ALJ summarized Plaintiff's history of using prescribed pain medication and suggests that Plaintiff's medication modifications and eventual detoxification suggests that he was drug-seeking. AR at 23-24.

  Evidence of drug-seeking behavior is a clear and convincing reason to discount a claimant's allegations, because it undermines the legitimacy of the claimant's complaints of pain. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). In this case, however, the ALJ did not cite any evidence showing that Plaintiff's use of pain medications was not legitimate; all of the evidence that the ALJ cited indicates that Plaintiff was taking pain medications and eventually stopped taking pain medications, via an inpatient detoxification process, but simply taking prescribed medications is not equivalent to drug-seeking.

  The Commissioner contends that the ALJ cited evidence that "shows a pattern of [Plaintiff's] efforts to avoid changes to his drug regimen." (Dkt. # 16 at 9.) Substantial evidence in the record does show that Plaintiff actively managed his prescriptions and communicated often with his providers about his pain and pain medication (AR at 957, 1060, 1343, 1357, 2362, 2383-89), but none of this evidence suggests that Plaintiff did not have a legitimate need for pain medication and the ALJ did not cite any evidence that Plaintiff's providers suspected that he was drug seeking.

The Commissioner goes on to argue that Plaintiff's "ultimate need for detoxification was a reasonable basis alone for the ALJ's rationale." (Dkt. # 16 at 9.) None of the cases cited by the Commissioner indicate that participation in a detoxification program is per se evidence of drug-seeking behavior. *See White v. Comm'r of Social Sec. Admin.*, 2013 WL 4541548, at *8 (E.D. Cal. Aug. 27, 2013); *Murphy v. Colvin*, 2016 WL 4764820, at *8-9 (E.D. Va. Sep. 12, 2016); *Brown v. Colvin*, 2013 WL 786670, at *3 (W.D. Ark. Mar. 1, 2013). These cases all involve a claimant who participated in a detoxification program, but none of them suggests that participating in a detoxification program is, by itself, evidence of drug-seeking behavior or any other secondary gain motivation. *Id*. Thus, the ALJ erred in finding that Plaintiff had engaged in drug-seeking behavior, and in discounting his testimony on that basis.

### 3.     *Inconsistent Statements*

The ALJ identified two purported inconsistencies in Plaintiff's testimony: (1) Plaintiff reported that he could only watch his nephew when he was sleeping, but later said that he was driving his nephew to daycare; and (2) after ear surgery in February 2016, Plaintiff reported severe arm pain but then in March said his arm pain was better while telling his neurologist that same month that he had severe arm/shoulder pain. (AR at 22-23.)

Plaintiff points out that the statements regarding his nephew were not inconsistent because his activities merely shifted over time (dkt. # 10 at 14-15), and the Court finds this explanation persuasive. More concerning is the ALJ's misreading of Plaintiff's medical records: the records from the neurology appointment in March 2016 is consistent with his earlier statement that his arm pain was improving. AR at 1890. The ALJ misread the notes as stating "arm/neck" instead of "shoulder/neck." *Id.* at 23. The notes state that he "reports improvement in his arms but he continues to have significant shoulder/neck pain." *Id.* at 1890. It is not reasonable

1  for the ALJ to find these statements to be inconsistent. *Id.* at 22-23. The ALJ therefore erred in

2  relying on the above inconsistent statements to discount Plaintiff's testimony.

3             4.      *Medical Evidence*

4        The ALJ found that the medical evidence was only partially consistent with Plaintiff's

5  allegations. AR at 20-21. Specifically, the ALJ stated that the treatment records did not

6  document the functional limitations that Plaintiff described. *Id.* at 21. This portion of the ALJ's

7  decision focuses on inconsistent evidence related to secondary allegations (hand tremor,

8  headaches, and vision deficits), rather than the symptoms Plaintiff indicated were the primary

9  reason he could not work. This reason is therefore not a sufficiently convincing reason to

10 discount all of Plaintiff's subjective testimony.

11            5.      *Activities*

12       The ALJ found that Plaintiff's ability to drive is inconsistent with his allegations of

13 having a limited ability to move his neck in all directions, as well as reaching to the steering

14 wheel and sitting. *Id.* at 21-22. The ALJ also found Plaintiff's driving to be inconsistent with his

15 testimony of vision loss and tunnel vision when he moves his neck. *Id.* The ALJ went on to cite

16 Plaintiff's ability to complete household chores as evidence that he was less functionally limited

17 than alleged. *Id.* at 22. The driving and household activities cited by the ALJ are indeed

18 somewhat inconsistent with Plaintiff's allegations, but not significant enough to materially

19 undermine Plaintiff's testimony such that the ALJ should discount it entirely.

20       As explained herein, the ALJ's reasons for discounting Plaintiff's testimony are nearly

21 entirely erroneous, and the error as to Plaintiff's testimony infects the ALJ's assessment of the

22 similar testimony provided by lay witnesses. (Dkt. # 10 at 16.) On remand, the ALJ should

23

reassess Plaintiff's testimony and the lay statements.[3]

### B.  The ALJ Erred in Discounting Dr. Ro's Opinion

Dr. Ro, Plaintiff's treating neurologist, completed a form medical source statement in September 2016. AR at 2826-29. The ALJ summarized Dr. Ro's opinion, noting that although treating physicians' opinions are generally afforded more weight, he discounted this opinion because the "profound restrictions in Dr. Ro's opinion" were not corroborated by objective findings. *Id.* at 26. The ALJ noted that Dr. Ro mentioned Plaintiff's bilateral knee conditions and a hand tremor, even though she did not test his knees or hands, and that the medical record showed no abnormalities in gait or station, in knees or lower extremities, in upper extremities, or in strength or sensation. *Id*. The ALJ also found the limitations described by Dr. Ro — limiting Plaintiff to sitting for no more than 20 minutes at a time and reaching/handling less than one-third of a workday — to be inconsistent with Plaintiff's ability to drive to appointments in Seattle from Marysville. *Id*. Plaintiff argues that these reasons are not legally sufficient to discount Dr. Ro's opinion and, for the reasons explained herein, the Court agrees.

   *1. Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn*, 495 F.3d at 631. A treating physician's opinion, however, is not necessarily conclusive

---

[3] Although Plaintiff requests a remand for a finding of disability, the Court finds a remand for further administrative proceedings to be the appropriate remedy. As noted *supra*, the ALJ found Plaintiff's driving activities and household chores to be inconsistent with his allegations, and although the Court concludes that those activities are not alone significant enough to support the ALJ's assessment of Plaintiff's testimony, they are nonetheless inconsistencies in the record that cast doubt on whether Plaintiff is disabled. Accordingly, remand for further proceedings is the appropriate remedy. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

as to either a physical condition or the ultimate issue of disability, and can be rejected, whether that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

### 2. *Relationship to Objective Findings*

Plaintiff disputes the ALJ's interpretation of Dr. Ro's findings, arguing that it is not clear why Dr. Ro's findings do not corroborate her conclusions. (Dkt. # 10 at 7.) Dr. Ro cited Plaintiff's neck spasms and minimal range of neck motion as the objective bases for all of the limitations mentioned in the opinion, and although the ALJ states that these findings do not corroborate Dr. Ro's conclusions, the ALJ does not cite any medical opinion so finding. Dr. Ro is a movement disorders specialist, and the ALJ erred in substituting a lay interpretation of the record in place of Dr. Ro's expertise.

The ALJ's reliance on Dr. Ro's mention of Plaintiff's knee conditions and hand tremor without having tested Plaintiff's knees or hands at the time she rendered her opinion was also erroneous. AR at 26. As argued by Plaintiff, Dr. Ro did not rely on knee or hand issues in reaching her conclusions (dkt. # 17 at 4), and the Court agrees that it does not appear that the

knee or hand concerns were material to Dr. Ro's ultimate conclusions regarding Plaintiff's limitations. Thus, Dr. Ro's failure to test the knees or hands is not a basis for discounting her opinion.

The ALJ also points to various normal findings related to gait, knees, legs, arms, strength, and sensation, and Plaintiff argues that these normal findings also do not pertain to the bases for Dr. Ro's opinion and thus do not contradict her opinion. (Dkt. # 10 at 8-9.) The Court agrees with Plaintiff. To the limited extent that any of these findings could be construed as inconsistent, that inconsistency is not a persuasive reason to discount Dr. Ro's opinion entirely.

### 3. *Driving*

The ALJ also discounted Dr. Ro's opinion because it was inconsistent with Plaintiff's ability to regularly drive himself the "considerable distance" between his home in Marysville and his providers' offices in Seattle. AR at 26. The ALJ noted that Plaintiff's ability to drive those distances contradicted Dr. Ro's opinion regarding Plaintiff's sitting restrictions (*i.e.*, that he can sit for no longer than 20 minutes at a time and only three hours total per workday), as well as her opinion that Plaintiff could not reach and handle for up to one-third of a workday. *Id*. Even if Plaintiff was able to, on occasion, sit or reach/handle longer than Dr. Ro indicated, his ability to do this on a sporadic basis does not materially contradict Dr. Ro's opinion. The ALJ overstated the inconsistency between Plaintiff's activities and the restrictions outlined in Dr. Ro's opinion, and therefore this reasoning for discounting Dr. Ro's opinion is not legitimate.

Because the ALJ failed to provide specific, legitimate reasons to discount Dr. Ro's opinion, the ALJ should reconsider Dr. Ro's opinion on remand.

//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision should be REVERSED and this case should be REMANDED for further administrative proceedings.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

Dated this 9th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11